IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF NEW MEXICO

**SAMUEL M. HAYNES**,

    Plaintiff,

vs.                                                                                Civ. No. 13-0313 WJ/LFG

**STATE OF NEW MEXICO DEPARTMENT**
**OF TRANSPORTATION,**

    Defendant.

**MEMORANDUM OPINION AND ORDER DENYING IFP**
**AND DISMISSING COMPLAINT**

**THIS MATTER** comes before the Court on pro se Plaintiff Samuel M. Hayne's *Application to Proceed in District Court without Prepaying Fees or Costs* (hereinafter called "motion to proceed IFP"), filed April 2, 2013, *see* Doc. 2, and on the Court's concomitant obligation "to review the affidavit and screen [his] case under 28 U.S.C. §§ 1915(a) and (e)." *Lister v. Dep't of Treasury*, 408 F.3d 1309, 1311 (10th Cir. 2005). The Court will deny IFP and dismiss this cause of action.

**I. APPLICABLE LEGAL STANDARDS**

Screening the case under § 1915(e) includes determining whether "the allegation of poverty is untrue" as well as determining whether the action "is frivolous or malicious, . . . fails to state a claim on which relief may be granted; or [] seeks monetary relief against a defendant who is immune from such relief." § 1915(e)(2)(A), (B). "[I]n order to succeed on a motion to proceed IFP, the movant must show a financial inability to pay the required filing fees, as well as the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised in the action." *Lister*, 408 F.3d at 1312. A party wishing to proceed IFP must demonstrate that he "cannot because of his poverty pay or give security for the costs . . . and still be able to provide himself . . . with the

necessities of life." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

Even if an applicant is indigent, the Court should deny ifp and must "dismiss the case" if it determines that any of the conditions in § 1915(e)(2)(B) exist. *See* § 1915(e)(2); *Trujillo v. Williams*, 465 F.3d 1210, 1217 n.5 (10th Cir. 2006) (noting that dismissals under § 1915(e)(2)(A) & (B) are mandatory).

The Tenth Circuit Court of Appeals has set forth the following standards that district courts should apply in resolving a motion to dismiss brought under rule 12(b)(6) of the Federal Rules of Civil Procedure.

> *Bell Atlantic Corp. v. Twombly* [] reject[ed] the "no set of facts" language of *Conley* [ *v. Gibson*, 355 U.S. 41, 45-46 (1957),] and announc[ed] a new (or clarified) standard: to withstand a motion to dismiss, a complaint must contain enough allegations of fact "to state a claim to relief that is plausible on its face." --- U.S. ----, ----, 127 S. Ct. 1955, 1974, 167 L. Ed.2d 929 (2007). Under this revised standard, as we explained in *Ridge at Red Hawk, L.L.C. v. Schneider*:
>
>> the mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims.
>
> 493 F.3d 1174, 1177 (10th Cir. 2007) (emphasis in original). The burden is on the plaintiff to frame a "complaint with enough factual matter (taken as true) to suggest" that he or she is entitled to relief. *Twombly*, 127 S. Ct. at 1965. "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.*

*Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008).

The Court applies this same standard in its review under § 1915(e)(2) to determine whether Haynes has stated a cognizable federal claim. *See Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007). The Court will accept as true Hayne's allegations and construe them, and any reasonable inferences to be drawn from them, in the light most favorable to him. *See id.* But the Court "will not supply additional facts, [or] construct a legal theory for [a] plaintiff that assumes facts that have

not been pleaded." *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989).

The courts take a two-step approach in determining whether a complaint states a claim upon which relief may be granted. First, it "identif[ies] the [conclusory] allegations in the complaint that are not entitled to the assumption of truth" and disregards them. *Ashcroft v. Iqbal*, 556 U.S. 662, 680 (2009). Then it only "consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief." *Id.* at 681; *see id.* at 686 (rejecting the plaintiff's argument that he sufficiently stated a claim for relief by generally alleging that the defendants "discriminated against him 'on account of [his] religion, race, and/or national origin and for no legitimate penological interest,'" and stating, "[w]ere we required to accept this allegation as true, respondent's complaint would survive petitioners' motion to dismiss. But the Federal Rules do not require courts to credit a complaint's conclusory statements without reference to its factual context.") (citations omitted).

## II. ALLEGATIONS IN THE COMPLAINT

Haynes' allegations are sparse. He states that he was employed by the New Mexico Department of Transportation ("DOT") "from August 2007 to May 26, 2009." Compl. at 2. He states that an unidentified person "harassed, insulted, abuse[d] [him] by racial name calling" at an unidentified time and place and that he "verbally reported [the person's] action toward me[,] but nothing changed and [the person] was never written up." *Id.* He states that, on December 15, 2008, he was "arrested and held in custody until 17 August 2009;" that he was "wrongfully convicted;" but that, "upon appeal," he was "vindicated on 17 August 2009." *Id.* "Upon apply [sic] to NMDOT for rehiring [on an unspecified date] [Haynes] was wrongly denied due to false statements against me by defendant." *Id.* He appealed "to the EEOC which denied [his] appeal" on an unspecified date. *Id.* Haynes brings two counts for failure to rehire - one based on violation of his federal due-process

rights; the other for violation of his federal right to equal protection.  *See id.* at 3.

### III.  ANALYSIS

#### A.  Haynes has not demonstrated indigency.

Haynes is a 59-year-old unmarried individual with no dependents who receives $2300/month from retirement income and $400/month in disability benefits.  *See* Doc. 2 at 3.  He pays $597/month for his home mortgage, taxes, and insurance; $300/month for utilities; $150/month for food; $122/month for automobile insurance; and $75/month for back taxes.  *Id.* at 4.  He claims that he spends $500/month for transportation costs, plus $460/month for a loan payment on a 2007 GMC Sierra, even though he does not use a car for employment purposes.  *See id.*  He also purports to spend $75/month on clothing and $40/month for laundry and dry cleaning, although he does not need work clothing.  On these facts, Haynes has not shown that he cannot pay for both his filing fees and the necessities of life.  As discussed below, however, even if Haynes were impoverished, the Court would deny permission to proceed IFP and would dismiss his filing.

#### B.  Haynes has failed to invoke the Court's subject-matter jurisdiction.

"Federal courts are courts of limited jurisdiction, and the presumption is that they lack jurisdiction unless and until a plaintiff pleads sufficient facts to establish it." *Celli v. Shoell*, 40 F.3d 324, 327 (10th Cir. 1994).  "[T]he party pleading jurisdiction must allege in his pleading the facts essential to show jurisdiction." *Id.* (internal quotation marks omitted).

Haynes used a standard, typewritten, civil-rights-complaint form that the Court provides to pro-se litigants for cases they desire to bring under 42 U.S.C. § 1983.  *See* Compl. at 1.  But Haynes sues only a state agency.  The Eleventh Amendment bars suit for damages in federal court against a State, its agencies, and its officers acting in their official capacities, even when the action is brought under § 1983 for alleged violation of constitutional rights.  *See Will v. Michigan Dep't. of*

4

*State Police*, 491 U.S. 58, 70-71 (1989); *Kentucky v. Graham*, 473 U.S. 159, 169 (1985). Therefore, Haynes has not alleged sufficient facts to invoke the Court's jurisdiction under § 1983.

In the body of his Complaint, Haynes mentions that he filed a claim with the EEOC, and both Counts are based on his legal conclusions that his "constitutional rights of the 14th Amendment" were "violated when defendant failed to reinstate based on false allegations" *see* Compl. at 3, which indicates that he may be attempting to assert a claim under Title VII of the Civil Rights Act of 1964. Under 42 U.S.C. § 2000e-2(a)(1), however, a Title VII plaintiff must allege facts to show that he has not been hired "*because of* such individual's race, color, religion, sex, or national origin." (italics added). Thus, in an ordinary failure-to-hire case brought under Title VII, the plaintiff must allege facts showing that

> (1) plaintiff belongs to a protected class; (2) plaintiff applied and was qualified for a job for which the employer was seeking applicants; (3) despite being qualified, the plaintiff was rejected; and (4) after plaintiff's rejection, the position remained open and the employer continued to seek applicants from persons of [plaintiff's] qualifications.

*Fischer v. Forestwood Co., Inc.*, 525 F.3d 972, 982 (10th Cir. 2008) (internal quotation marks omitted). But Haynes does not state what protected class he belongs to; or that he was qualified for a job for which the DOT was seeking applicants; or that the position remained open and the DOT continued to seek applicants from persons with Hayne's qualifications. Instead, he alleges only that the DOT refused to rehire him based on unspecified "false allegations." Compl. at 2. He does not allege that race or any other prohibited factor played any part in the DOT's failure to rehire him.

Haynes has further failed to state when the alleged wrongful events occurred. As noted above, the Court "will not supply additional facts, [or] construct a legal theory for [a] plaintiff that assumes facts that have not been pleaded." *Dunn*, 880 F.2d at 1197. Haynes has failed to allege sufficient facts to invoke the Court's subject-matter jurisdiction under Title VII, and there being no

5

apparent basis for this Court's federal-question jurisdiction, his cause of action must be dismissed. *See* FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

**IT IS ORDERED** that Hayne's motion to proceed IFP [Doc. 2] is DENIED and this cause of action is DISMISSED without prejudice under § 1915(e)(2)(A) and (B).

_____
**UNITED STATES DISTRICT JUDGE**